IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ALABAMA

**HOLIDAY ISLE OWNERS ASSOCIATION INC.**

VS.                                                                    CIVIL ACTION NO. 1:21-cv-00512

**INDIAN HARBOR INSURANCE COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, SAFETY SPECIALTY INSURANCE COMPANY, HDI GLOBAL SPECIALTY SE, AND OLD REPUBLIC UNION INSURANCE COMPANY**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO DISMISS OR STAY LITIGATION WITH INCORPORATED MEMORANDUM OF LAW**

COMES NOW Holiday Isle Owners Association, Inc., Plaintiff in the above entitled and numbered cause, and files this, its Response in Opposition to Defendants' Motion to Compel Arbitration and to Dismiss or Stay Litigation with Incorporated Memorandum of Law, and would respectfully show unto the Court the following:

**I.      SUMMARY OF PLAINTIFF'S RESPONSE**

1. This Court cannot compel arbitration because the Arbitration Clause in the insurance policy at issue here is inoperative and, therefore, not governed by the Convention. An endorsement to the insurance policy changes the application of the

Arbitration Clause Defendants rely on to support their argument to compel arbitration. The "federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties." *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073-74 (5th Cir. 2002). Absent a valid agreement to arbitrate, this Court may not compel arbitration. *AT&T Tech., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648, 89 L. Ed. 2d 648, 106 S. Ct. 1415 (1986); *Personal Security & Safety Systems, Inc. v. Motorola, Inc.*, 297 F.3d 388, 392 (5th Cir. 2002); *American Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 537 (5th Cir. 2003). Because the Policy does not properly preserve arbitration, the Court must deny Defendants' Motion to Compel Arbitration. Denial of the Motion to Compel Arbitration makes Defendants' argument to dismiss or stay the proceeding moot.

## II.   SUMMARY OF DEFENDANTS' ARGUMENT

2.   Defendants argue the arbitration agreement must be enforced under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards alleging the four jurisdictional requirements are met as required by the Convention. *See* ECF No. 7 at 8. In support of Defendants' argument, Defendants allege the Policy's Service of Suit Clause does not prevent enforcement of the Arbitration Agreement. *Id*. at 12. Defendants allege the delegation clause mandates the Arbitration Panel determine all threshold issues of arbitrability [*Id*. at 13], and the Service of Suit Clause does not supersede or conflict with the Arbitration Clause. *Id.* at 17.

### III.  LAW AND ARGUMENT

**A. <u>The Amendatory Endorsement, Service of Suit Clause (U.S.A), renders the Arbitration Clause unenforceable.</u>**

3.  Defendants argue the Arbitration Clause must be enforced under the Convention. Their entire argument on this point is premised on the assumption the Arbitration Clause is in fact enforceable here. To determine whether a district court must compel arbitration under the Convention, four jurisdictional requirements must be met and they are as follows [as cited by Defendants]: (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in a territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states. *Bautista v. Star Cruises*, 396 F.3d 1289, 1295 n. 7 (11th Cir. 2005). The four prerequisites for a district court to compel arbitration under the Convention are not met.

4.  Defendants' argument fails at the first prerequisite.  "The term 'agreement in writing' is defined by the Convention as "an arbitral clause in a contract or an arbitration agreement, signed by the parties[.]" The issue whether the parties agreed to arbitrate their disputes is determined by "ordinary state-law principles that govern the formation of contracts." Chicago v. Kaplan, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995).

5.  "Issues to be decided by the court 'include certain gateway matters, such as whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy.'" Green Tree Fin. Corp. v.

Bazzle, 539 U.S. 444, 452 (2003). (quoting *Dellaccio v. Government Boulevard Motors, Inc.,* No. CV 15-0305-CG-N, 2015 WL 13721524, at *3 (S.D. Ala. 2015).

i. **Policy Provisions at Issue Here**

6. Here, the Policy contains the following inconsistent provisions:

> "C.    ARBITRATION CLAUSE: All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.
>
> Unless the parties agree upon a single Arbitrator within thirty days of one receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his Arbitrator and give written notice thereof to the Respondent. Within thirty days of receiving such notice, the Respondent shall appoint his Arbitrator and give written notice thereof to the Claimant, failing which the Claimant may nominate an Arbitrator on behalf of the Respondent.
>
> Should the Arbitrators fail to agree, they shall appoint, by mutual agreement only, an umpire to whom the matter in difference shall be referred. If the Arbitrators cannot agree to an Umpire, either may request the selection be made by a judge of a New York court.
>
> Unless the parties otherwise agree, the Arbitration Tribunal shall consist of persons employed or engaged in a senior position in Insurance underwriting or claims.
>
> The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matters which it may consider proper in the circumstances of the case with regard to pleadings, discovery, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall in it discretion think fit.
>
> Each party will pay its chosen Arbitrator, and also bear the other expenses of the Arbitration and Umpire equally.

> The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.
>
> The Arbitration Tribunal may now award exemplary, punitive, multiple, consequential, or other damages of a similar nature.
>
> A decision agreed to by any two members of the Arbitration Tribunal shall be binding. The award of the Arbitration Tribunal shall be in writing and binding upon the parties who covenant to carry out the same. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.

See ECF No. 7-1 at 37.

7. In addition, the Policy provides an amendatory endorsement, which changes the Policy as follows:

> "Applicable law (USA).
>
> This insurance shall be subject to applicable state law to be determined by the court of competent jurisdiction as determined by the service of suit clause (USA)."

See ECF No. 7-1 at 65.

That service of suit clause in the Policy provides:

> "THIS ENDOREMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.
>
> …
>
> It is agreed that in the event of the failure of Underwriters hereon to pay any amount claimed to be due hereunder, the Underwriters hereon, at the request of the insured (or Reinsured), will submit to the jurisdiction of a court of competent jurisdiction within the United States."

See ECF No. 7-1 at 65.

### ii. Alabama State-Law Principles that Governs Insurance Contract Interpretation

8. "Alabama law provides clear guidelines for a court interpreting language in an insurance policy. '[I]nsurance contracts, like other contracts, are construed so as to give effect to the intention of the parties, and, to determine this intent, a court must examine more than an isolated sentence or term; it must read each phrase in the context of all other provisions.' *Celtic Life Ins. Co. v. McLendon,* 814 So.2d 222, 224 (Ala.2001). In interpreting the language of an insurance policy, the court must give the words used in the policy their customary and normal meaning, and the court must construe the policy in a manner consistent with the interpretation that a person of ordinary intelligence would place on the policy's language. *Twin City Fire Ins. Co. v. Alfa Mut. Ins. Co.,* 817 So.2d 687, 692 (Ala.2001); *Boone v. Safeway Ins. Co. of Ala., Inc.,* 690 So.2d 404, 406 (Ala.Civ.App.1997); *Sullivan v. State Farm Mut. Auto. Ins. Co.,* 513 So.2d 992, 994 (Ala.1987). If, under this standard, the words used are reasonably certain in their meaning, they are not ambiguous as a matter of law, and the rule of construction favoring the insured does not apply. *Bituminous Cas. Corp. v. Harris,* 372 So.2d 342, 344 (Ala.Civ.App.1979). However, '[w]here there is any doubt or confusion as to the meaning of a term in an insurance policy, the general rule of contracts applies to the policy, so that the contract is interpreted against the party which drafted the contract.' *Boone,* 690 So.2d at 406." (quoting *In re HealthSouth Corp*, 308 F. Supp. 2d 1253, 1268 (N.D. Ala. 2004)).

9. In the attached policy, effected with Certain Underwriters at Lloyd's, London for Red Rum Enterprises, LLC ("Red Rum"), covering the property located at 6894 Beach Shore Dr. in Gulf Shores, Alabama, the service of suit clause reads:

> "**SERVICE OF SUIT CLAUSE (U.S.A)**
>
> This service of suit clause will not be read to conflict with or override the obligations of the parties to arbitrate their disputes as provided for in any Arbitration provision within this Policy. This Clause is intended as an aid to compelling arbitration or enforcing such arbitration or arbitral award, not as an alternative to such Arbitration provision for resolving disputes arising out of this contract of insurance (or reinsurance)."

*See* Exhibit A at 2.

10. In the Red Rum policy effected by Certain Underwriters at Lloyd's, London, the service of suit clause is clear and unambiguous in asserting that any arbitration provision in the policy would be preserved. However, Certain Underwriters at Lloyd's, London, in the policy issued to Plaintiff here, did not make clear its intention for the Service of Suit Clause to not conflict with or override the obligations of the parties to arbitrate their disputes.

11. Despite the Arbitration Clause and the Convention cited by Defendants, the provisions of the contract are to be construed more strongly against those who drafted them as illustrated in the case law above. Here, Defendants issued this particular policy to Plaintiff Holiday Isle with an arbitration clause and a policy endorsement that changes the policy, which doesn't preserve arbitration. It further asserts that "in the event of the failure of the Underwriters hereon to pay any amount claimed to be due hereunder, the Underwriters hereon, at the request of the insured, will submit to the jurisdiction of a court of competent jurisdiction within the United States." *See* ECF No. 7-1 at 65. If Defendants wanted to clearly and unambiguously preserve their right to arbitration, they would have done so with the same services of suit clause as seen in the Red Rum Policy.

## IV. CONCLUSION

Defendants failed to establish the four prerequisites to application of the Convention have been met. There is a bona fide dispute between the parties as to the existence of an agreement to arbitrate, which is the first prerequisite to application of the Convention. Therefore, Defendants cannot seek relief pursuant to the Convention and the pending litigation should not be stayed or dismissed because Defendants have not demonstrated that the Policy preserves their right to arbitrate after institution of litigation by a party to the insurance contract. Plaintiff respectfully prays this Court deny Defendants' Motion to Compel Arbitration and to Dismiss or Stay Litigation, and allow the Parties to proceed with litigation on the claims asserted in Plaintiff's Complaint.

Respectfully submitted on this 1st day of February, 2022.

/s/ James Lynn Perry
JAMES LYNN PERRY [PERRJ8986]
Craven & Perry, PLLC
Post Office Drawer 4489
Gulf Shores, AL 36547
Telephone: 251-968-8170
lynn@cravenperry.com

/s/James M. McClenny
James M. McClenny
Pending Pro Hac Vice
James@mma-pllc.com

/s/Calsie M. Boyd
Calsie M. Boyd
Pending Pro Hac Vice
calsie@mma-pllc.com

                **McCLENNY, MOSELEY & ASSOCIATES, PLLC**
                Southeast Regional Office
                101 Lottie Lane, Unit 5
                Fairhope, Alabama 36532
                **Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 1st day of February 2022, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record on the below Service List.

Neal C. Townsend
Andrew G. York
MCCLENNY, MOSELEY, & ASSOCIATES, PLLC
1010 Lottie Lane, Unit 5
Fairhope, Alabama 36532
Email: neal@mma-pllc.com
andrew@mma-pllc.com

Matthew H. Hambrick
PHELPS DUNBAR LLP
101 Dauphin Street, Suite 1000 (36602)
Post Office Box 2727
Mobile, Alabama 36652
matthew.hambrick@phelps.com
bo.willams@phelps.com
susan.meads-leahy@phelps.com
jessika.clifford@phelps.com

                                              */s/ James Lynn Perry*
                                              JAMES LYNN PERRY